No. 27,057.

ELMER C. BRILEY et al., *Appellees*, v. MARTIN P. NUSSBAUM et al.,
*Appellants*.

OPINION DENYING A REHEARING.

Appeal from Sedgwick district court, division No. 4; ISAAC N. WILLIAMS,
judge. Opinion denying a rehearing and modifying former opinion filed March
12, 1927. (For original opinion of affirmance see 122 Kan. 438.)

*Charles G. Yankey, John L. Gleason* and *Kenneth K. Cox,* all of Wichita,
for the appellants.

*O. A. Keuch,* of Wichita, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The opinion in this action was filed on January 8,
1927. (*Briley v. Nussbaum,* 122 Kan. 438.) A petition for a rehear-
ing has been filed. It is urged that the instruction set out in the
former opinion did not correctly state the law. What was there said
will not be repeated here in full. So much of the instruction there
set out as stated that "the plaintiffs who are the parents of the de-
ceased child had a right to anticipate that they would receive help
and pecuniary benefit from her as long as she lived up to the death
of the last surviving parent," was incorrect because, taken by itself,
the language would take from the jury the power to determine, under
the circumstances disclosed by the evidence, whether or not the de-
ceased would have contributed to the support of her parents. How-
ever, that matter was submitted to the jury in the instruction which
contained the quoted erroneous language.

Another matter urged is that the instruction set out in the former
opinion did not "tell the jury that the cost of education and mainte-
nance of the child to its majority should be deducted from the value
of its services." That matter was included within another instruc-
tion, in which the court said:

"You are instructed that from the amounts which you find to be the value
of any services which the deceased would have rendered the plaintiffs had she
lived, and the amounts of any sums of money or the value of any property
which the deceased would have contributed to the plaintiffs had she lived,
. . . you should deduct the amount of the cost to the plaintiffs of the rearing
and maintenance of said deceased had she lived, including the cost of educa-
tion, clothing, food and other incidental expenses."

The instruction as a whole, while subject to criticism, cannot be
said to have been prejudicially erroneous. For that reason, with
this modification, the former opinion and judgment are adhered to.

Death, 17 C. J. p. 1314 n. 71. Trial, 38 Cyc. pp. 1778 n. 73, 1779 n. 75, 76.