No. 27,960.

CHARLES W. HILLER et al., *Appellees*, v. H. A. KEPLER, *Appellant*.

(266 Pac. 73.)

SYLLABUS BY THE COURT.

HIGHWAYS — *Collision from Failure to Provide Lights — Liability for Injury.* The contentions of appellant in this case are substantially those considered and determined in *Barzen v. Kepler,* ante, p. 648, and following the decision in that case the judgment in this case is affirmed.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed April 7, 1928. Affirmed.

*Arthur J. Stanley* and *W. L. Wood,* both of Kansas City, for the appellant.

*E. S. McAnany, M. L. Alden* and *Thomas M. Van Cleave,* all of Kansas City, for the appellees; *James T. Cochran,* of Kansas City, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is a companion case of *Barzen v. Kepler,* ante, p. 648. Both cases were submitted and argued together. The present case was brought by Charles W. Hiller and Mamie Hiller, to recover for the death of their son, V. L. Hiller, who was an occupant of the automobile in which Martina G. Barzen was riding when the collision with the defendant's truck occurred the evening of December 11, 1925, which resulted in the death of plaintiffs' son. The jury found for the plaintiffs and assessed their damages at $10,-000, but on the suggestion of the trial court at the hearing of the motion for a new trial, the plaintiffs remitted $4,000 of the damages awarded, and judgment was then entered in favor of plaintiffs for $6,000. Defendant appeals.

He makes substantially the same objections to the rulings and judgment, and advances the same contentions that he urged in the Barzen case. The special findings returned by the jury substantially conform with those returned in the Barzen case with one exception. The jury in this case found that no lights had been placed on the rear truck, with which the automobile collided, until after the accident occurred. The decision in the Barzen case is deemed to be controlling here, and it must be held that the death of plaintiffs' son was caused by the negligence of defendant, and further that the finding of the jury frees the driver of the automobile of contributory negligence. Defendant makes the further point that the judgment

for $6,000 is excessive. It appears that plaintiffs' son was a student in the state university and was twenty-three years of age when he was killed. He was strong and active, and when not attending school lived at home with his parents and worked and contributed a part of his earnings to his parents. Within the authority of *Briley v. Nussbaum,* 122 Kan. 438, 252 Pac. 223, it cannot be held that the damages awarded are so excessive as to require a reversal.

The judgment is affirmed.