No. 29,013.

EMERSON E. LEAKE, *Appellant*, v. E. L. CHADDOCK, *Appellee*.

(283 Pac. 625.)

Opinion filed January 11, 1930.

*V. D. Woodward, William S. Langmade* and *Wallace T. Wolfe*, all of Oberlin, for the appellant.

*A. W. Relihan, T. D. Relihan, E. S. Rice* and *W. S. Rice*, all of Smith Center, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action is one for the partition of certain real property. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

The plaintiff claims as the husband and heir of his deceased wife, Belle Leake. The defendant claims as her son and only heir, based on the fact that, after the marriage of the plaintiff and Belle Leake, a contract was entered into between the plaintiff and Belle Leake by which they agreed that each should control his own property; that each could dispose of his property as he saw fit without interference from the other; and that upon the death of either, his property should go to his heirs.

The action was tried without a jury, and the court made findings of fact, among which were—

"4. When the defendant was about eleven years old, and for a period of several years following that time, the plaintiff and his wife, Belle Leake, commenced to have trouble, most of which was about and concerning the defendant. Finally Belle Leake told the plaintiff she would not stand it any longer, but must have protection for her boy, and the plaintiff and said Belle Leake went to Phillipsburg, Kan., and to the office of C. A. Lewis, a reputable practitioner of law in that city at that time, and said Lewis drew a contract between said plaintiff and said Belle Leake, which contract was duly signed by them.

"5. This contract referred to in finding number 4 was left in the law office of said C. A. Lewis until the time of his death, and then was taken from there and left in the First National Bank, at Phillipsburg, Kan., for some time and then the plaintiff and said Belle Leake took said contract to their home at Kensington, Kan.

"12. The court finds from the evidence that at the time of the death of Belle Leake, that the contract drawn between the plaintiff and said Belle Leake in the office of C. A. Lewis, still existed, and that the contents thereof, in substance, is as follows:

"That in order to promote married happiness between them, it is agreed that E. E. Leake, having property at this time, and Belle Leake, having property by her former marriage, and a child by said marriage, it is agreed to protect the rights of each, that the property of Mrs. Leake would go to her child; that is, the property she had when she married Leake was to go to her children at the time of her death; that E. E. Leake was to have full control and disposition of his own property as he chose, and that she would maintain and manage all of her own property, and that at any time either of them saw fit to draw a will or agreement to that effect, they could do so, and neither would take part in any of the other's property, but his property would go to his people on his death and her property would go to her children on her death."

■ We quote from the brief of the plaintiff, as follows:

"The principal question involved is whether the contract between the plaintiff and Belle Leake, mentioned in the court's finding of fact number 12, existed at the time of the death of Belle Leake, and whether there is competent evidence to establish that fact and the contents as set out in said finding."

The defendant testified concerning the provisions of the contract which he had seen and read. It was not produced on the trial. There was evidence which tended to prove that diligent search had been made for it, but that it could not be found. So far as the abstracts show, no objection was made to the introduction of secondary evidence to prove the contents of the contract. Without such an objection the matter cannot now be considered. (*Wilson v.*

*Fuller,* 9 Kan. 176; *Berry v. Carter,* 19 Kan. 135; *Briley v. Nussbaum,* 122 Kan. 438, 252 Pac. 223.) Even if objection had been made, sufficient foundation was laid for the introduction of secondary evidence.

■ The plaintiff argues that a new trial should have been granted on the ground of newly discovered evidence. On the motion for a new trial, affidavits were introduced to show that Belle Leake had stated to witnesses that her property was to go one-half to her husband and the other half to her son, the defendant. The trial was by the court. The weight and sufficiency of the newly discovered evidence was considered by the court.

Section 60-3004 of the Revised Statutes, in part, reads:

"A new trial shall not be granted as to any issues in a case unless on the pleadings and all the evidence offered at the trial and on the motion for a new trial the court shall be of the opinion that the verdict or decision is wrong in whole or in some material part."

In *Haughton v. Bilson,* 90 Kan. 360, 133 Pac. 722, this court declared that—

"When deciding whether or not a petition for a new trial founded upon newly discovered evidence should be granted the court considers the pleadings and all the evidence offered at the trial in connection with the evidence offered in support of the petition for a new trial, and upon the whole case determines whether or not the verdict or decision given at the trial was wrong." (See, also, *Lewis v. Shows Co.,* 98 Kan. 145, 150, 157 Pac. 397.)

Under the circumstances shown the decision of the trial court is conclusive in this court.

■ Another affidavit presented as newly discovered evidence and introduced on the hearing of the motion for a new trial was that of W. S. Langmade, one of the attorneys for the plaintiff, who testified concerning what the plaintiff would say concerning the contents of the contract if he were then on the witness stand. The plaintiff was on the witness stand during the trial and testified concerning the terms of the contract. The court does not see any grounds for a new trial based on the affidavit of the attorney for the plaintiff.

The judgment is affirmed.

JOCHEMS, J., not participating.