No. 29,345.

THE BANK OF PLEASANTON, *Appellee,* v. NELSON E. HOWARD, *Appellant.*

(293 Pac. 407.)

Opinion filed December 1, 1930.

B. *Hudson* and *Douglas Hudson,* both of Fort Scott, for the appellant.

*John A. Hall,* of Pleasanton, for the appellee.

The opinion of the court was delivered by

JOCHEMS, J.: The action was brought by plaintiff against the defendant upon a loan made on the oral agreement of the defendant to repay it. Plaintiff recovered, and defendant appeals.

Plaintiff filed its petition alleging the making of the loan on January 6, 1928, in the amount of $440.81, upon an oral agreement of defendant to repay that amount. Subsequently defendant paid the sum of $8.23, and after crediting that sum the amount remaining due, together with interest, amounted to $436.86, for which, together with interest from the date of filing suit, the plaintiff asked judgment.

Defendant answered, admitting the making of the loan, but alleged that on August 17, 1927, he had made a deposit in the sum of $425.81 with the plaintiff bank; that at the time he carried an account with the plaintiff, and that plaintiff had failed to give him credit for this deposit. He admitted an indebtedness to the plaintiff in the sum of $8, claiming that this was the difference between the amount of the deposit for which he had not received credit and the amount of the loan remaining unpaid. The defendant attached to his answer a copy of a deposit slip dated August 17, 1927. This slip carried the name of N. E. Howard as the depositor and purported to list items as follows: $196 in bills; $12 in silver; and nine separate checks in various amounts. It carried a signature at the bottom reading: "F. M. Kern, Cashier."

Plaintiff filed its reply denying it had ever issued or delivered any such deposit slip, and alleged that if the deposit bore the signature of F. M. Kern, cashier, that the signature and instrument of writing was obtained from him by defendant through means of trick, fraud and deceit, and specifically denied that any funds or money as represented by the deposit slip were ever received by plaintiff. Upon these issues the case was tried.

The appellant complains that he was deprived of having a fair trial by reason of accident and surprise in the course of the trial which he could not have guarded against. His complaint is that

on the second and last day of the trial certain witnesses who had testified on the previous day were recalled and permitted to testify that the deposit slip which had been introduced in evidence showed indications of having been erased. The deposit slip introduced was a carbon copy apparently made by inserting a carbon between the original and the copy. The date on the deposit slip had been filled in as "8-17-27" and the witnesses testified that the "7" in the "17" had been rubbed in some way. That the date appeared as having been inserted over an erasure. These witnesses were the people who worked in the plaintiff bank and a banker from Mound City.

The appellant contends that this testimony, coming as it did on the last day of the trial and without any warning and without having been sufficiently indicated in the reply of plaintiff, found him entirely unprepared to meet it; that he did not have time to obtain the services of an expert on questioned documents. On the hearing of the motion for a new trial appellant offered the affidavit of J. C. Shearman, of Wichita, an expert on questioned documents, and this affidavit stated that from a careful examination of the deposit slip the witness could say positively that there was no erasure or alteration in the figures on the slip.

In view of the state of the pleadings it is apparent that this testimony could not reasonably have been anticipated. However, the defendant did not make any objection on the ground of accident or surprise, nor did he ask for a continuance on that ground. This being the case, this court feels it cannot sustain the contention of appellant.

The appellant further claims that the court erred in submitting to the jury any issues relative to trick, fraud and deceit claimed to have been practiced upon the cashier Kern for the reason that there was no evidence of any kind relative to any such trick, fraud or deceit.

The court, after reciting the allegations contained in plaintiff's reply relative to the claim that the deposit slip had been obtained by trick, fraud and deceit, gave its instruction No. 3, which reads:

"There has been introduced in evidence an instrument commonly known as a deposit slip which purports to acknowledge the receipt of $425.81 by the Bank of Pleasanton from the defendant Nelson Howard; and in this connection you are instructed that if you find from the evidence that the deposit slip in question is genuine and was issued and delivered by F. M. Kern, cashier of

the plaintiff, to the defendant, with the intention and for the purpose of acknowledging the receipt of the items listed thereon, then such deposit slip is *prima facie* evidence that the deposit in question was made by the defendant. But you are further instructed that such evidence of a deposit is not conclusive and is always open to explanations, and if you find from the evidence that the deposit slip in question was not issued and delivered to the defendant by the plaintiff, or that it was issued and delivered by mistake or fraud, then you are not concluded by such *prima facie* showing, and the burden would be upon the defendant to show by the preponderance of the evidence that the deposit in controversy was in fact made."

It appears, therefore, that the court did submit the issue of mistake and fraud to the jury. On this particular feature, while the evidence of mistake and fraud is meager, there is some testimony on the part of the cashier to the effect that if he signed the deposit slip he did so through mistake, and then there is evidence of the erasure, which has some bearing upon the question of fraud.

While the evidence of mistake and fraud is very slight, still it cannot be said that the record is wholly devoid of evidence bearing upon these issues.

However, the instruction is bad for another reason which is urged by the appellant, and that is that the court in the instruction tells the jury that notwithstanding you may find from the evidence "that the deposit slip in question is *genuine* and was issued and delivered by *F. M. Kern,* cashier of the *plaintiff,* to the *defendant,* with the *intention and for the purpose of acknowledging the receipt of the items listed thereon,* then such deposit slip is *prima facie* evidence that the deposit in question was made by the defendant." This portion of the instruction is clearly erroneous because it is apparent that if the deposit slip was *genuine* and was issued under the conditions recited, then it was necessarily *conclusive* evidence that the deposit was so made and not merely *prima facie* evidence. If the deposit slip was genuine and had been issued to evidence a deposit, then clearly the defendant was entitled to credit. The giving of this instruction had a tendency to confuse and mislead the jury to the prejudice of the defendant and was erroneous.

The appellant further complains that the special questions submitted to the jury were not answered directly and fairly but that the answers as given constituted complete evasion of the questions.

The questions complained of are:

Question No. 3: "Was the deposit slip herein, secured by the defendant through means of any trick, fraud or deceit practiced by defendant upon

F. M. Kern, as cashier of the Bank of Pleasanton? Answer: Never intended to be a deposit slip."

Question No. 5: "Was the deposit slip herein signed and delivered by F. M. Kern through mistake? Answer: Never intended to be a deposit slip."

Appellant complains that counsel for appellee was permitted to make an improper argument upon the special questions. Portions of the argument made by counsel for appellee are as follows:

"As to question No. 3: 'Was the deposit slip herein secured by the defendant through means of any trick, fraud or deceit practiced by defendant upon F. M. Kern as cashier of the Bank of Pleasanton?' We suggest from the evidence there, 'It was never secured from F. M. Kern as a deposit slip.'—that answers the whole thing from the evidence. 'It was never secured from F. M. Kern as a deposit slip.' The question assumes and reads: 'Was the deposit slip herein secured by the defendant through means of any trick, fraud or deceit practiced by defendant upon F. M. Kern as cashier of the Bank of Pleasanton?' and from the evidence we suggest this as an answer: 'It was never secured from F. M. Kern as a deposit slip.'

"As to question No. 4: 'If you answer question No. 3 by "yes," state what such trick, fraud or deceit consisted of.' Answer: 'It was not intended by F. M. Kern to be a deposit slip.'

"As to question No. 5: 'Was the deposit slip herein signed and delivered by F. M. Kern through mistake?'—'It was never intended by Mr. Kern to be a deposit slip.'"

Counsel for appellant made objection:

"Now, if the court please, I object to the answers suggested to the jury, as manifestly not answers to the questions at all; not answers to the questions propounded by the court, and ask that the jury be instructed not to consider the suggested answers for that reason."

This objection was overruled by the court.

Appellant argues with considerable force that this argument was improper; that the answers suggested were not fair answers to the questions, but were merely evasions of the questions and that the court erred in failing to sustain the objection of counsel of appellant thereto; that in so doing the court indicated to the jury that the argument was made with approval of the court and did constitute a proper answer to the special questions.

The answers to the questions are evasive. They do not in fact answer the question, but avoid the giving of direct answers. This court has repeatedly admonished attorneys to keep within the record in their arguments and to argue the facts of the particular case under the law applicable thereto and to ask the jury for a fair consideration of the issues submitted. The jury made answers

to the questions in almost the exact language suggested by counsel for the appellee. These suggested answers were in fact not answers to the questions. We believe that the argument as made was improper, and inasmuch as it appears from the answers of the jury that it followed the suggestions of counsel it is apparent that the improper argument worked to the prejudice of the appellant. Where prejudice appears in the verdict reached, as it does in this instance, the case should be reversed for new trial.

The appellant also claims the court erred in failing to sustain his motion to require plaintiff to make its reply more definite and certain by setting out the facts constituting the fraud or mistake. There were some differences between counsel as to whether or not such a motion was ever really filed. It appears it was not in the files in the case at the time the abstract was prepared nor at the time the counter abstract was prepared, but since that time the attorney for appellant has called the trial court's attention to the matter and the court has supplied a record of the motion and of his ruling thereon which accords with the statement relative thereto in appellant's abstract. This failure to have the files complete is evidently due to carelessness or inadvertence in turning over the motion to the clerk of the district court for filing. It does appear, however, that such a motion was presented to the court. We have repeatedly held that when fraud is pleaded there must be a specific statement of the facts constituting the alleged fraud. (See *Lawrence v. Wheeler,* 77 Kan. 209, 93 Pac. 602; *Dowell v. Railway Co.,* 83 Kan. 562, 112 Pac. 136.)

The motion to make more definite and certain should have been sustained.

In view of the foregoing it is the conclusion of this court that this cause should be reversed and remanded for new trial.

It is so ordered.