No. 44,621

Charles W. Borggren, *Appellee*, v. Isidor Liebling, *Appellant*.

(422 P. 2d 884)

Opinion filed January 21, 1967.

R. L. *White*, of Pittsburg, argued the cause, and *J. B. Towner, R. L. Letton*, and *J. Curtis Nettels*, of Pittsburg, were with him on the briefs for appellant.

*J. John Marshall*, of Pittsburg, argued the cause, and *Douglas G. Hudson*, of Fort Scott, was with him on the briefs for appellee.

The opinion of the court was delivered by

Fatzer, J.:  The defendant, Isidor Liebling, appeals from a verdict in favor of the plaintiff, Charles W. Borggren, in an action for damages arising out of a collision of the defendant's automobile with the plaintiff's one-half ton pickup truck, at an "open intersection" in the city of Pittsburg, Kansas.

For brevity and clarity, the parties will be referred to by their identity in the district court.

The defendant makes two contentions: First, that the district court erred in overruling his motion for summary judgment made at the close of all the evidence, upon the ground of plaintiff's contributory negligence as a matter of law, which motion was renewed following entry of judgment upon the jury's verdict, and second, in overruling his motion for a new trial based upon alleged misconduct of one of plaintiff's counsel during the trial.

The pleadings are not in issue. All that need be said is the petition was sufficient in form and stated a cause of action charging the defendant with the negligent and careless operation of his automobile which proximately caused the plaintiff painful and disabling permanent injuries, and the defendant's answer contained a general denial and pleaded contributory negligence on the part of the plaintiff. The defendant's cross petition charged the plaintiff with five grounds of negligence and sought damages for his personal injuries, and to his automobile.

Highly summarized, the essential facts follow: On December 18, 1963, at about 5:50 p. m. the plaintiff was driving his pickup truck on Euclid Street in Pittsburg, proceeding in a westerly direction. At the same time, the defendant was proceeding south on Locust Street. Both streets traverse a residential section of the city; they are about 30 feet wide; their brick surface was very icy, and it was dark. There were no traffic control lights or stop signs at the intersection of those two streets, and the defendant's automobile struck the right side of plaintiff's pickup truck causing it to careen sidewise and hit a tree near the southwest corner of the intersection. The city had applied some solution to the intersection, but at the time of the accident it was frozen. There were no skid marks made before the collision.

The plaintiff was familiar with the intersection, having passed it several times a day. At the time in question, he approached the intersection, driving about fifteen to twenty miles per hour. When he was approximately 45 to 50 feet east, he looked to the south and north for traffic. He could see up Locust Street to the north about three-fourths of a block and he saw the headlights of a car about a half block away, heading south. A city block in Pittsburg is approximately 300 feet. He proceeded into the intersection at a speed of fifteen miles per hour, and took his foot off the gas. He looked again to the north and saw the headlights of the defendant's car about ten feet from him and he swerved to the left to avoid the collision. At that time the plaintiff was in the middle of the intersection. When the collision occurred, the front of the pickup truck had almost cleared the intersection. There was evidence the defendant was driving his car 45 miles per hour at the time of the collision. The plaintiff's truck was practically demolished, and he sustained permanent and disabling injuries.

It is unnecessary to reiterate the rule with respect to determining whether the plaintiff was guilty of contributory negligence as a matter of law. The rule has been stated and restated in a plethora of cases—the books are full of them. A few of our recent cases in which the rule is stated are *Casement v. Gearhart,* 189 Kan. 442, 370 P. 2d 95; *Gard v. Sherwood Construction Co.,* 194 Kan. 541, 400 P. 2d 995; *Pennsylvania National Mutual Cas. Co. v. Dennis,* 195 Kan. 594, 408 P. 2d 575; *Deemer v. Reichart,* 195 Kan. 232, 240, 404 P. 2d 174; *Canfield v. Oberzan,* 196 Kan. 107, 113, 114, 410 P. 2d 339, and *Johnston, Administratrix v. Ecord,* 196 Kan. 521, 527, 528, 412 P. 2d 990.

Whether the plaintiff is guilty of contributory negligence is ordinarily a question of fact for the jury, it being left to it under proper instructions whether the plaintiff acted with reasonable care under the particular circumstances of the case. It is only when the evidence is so clear that the minds of reasonably prudent persons could arrive at only one conclusion that a district court is permitted to declare whether the plaintiff was guilty of contributory negligence. Sincere and impartial persons of equal intelligence frequently draw different conclusions as to negligence from the same identical facts. Where it is possible such persons may so differ, the law commits the decision to the jury on the theory it may resolve the differences and reach a unanimous decision. (*Weber v. Wilson,* 187 Kan. 214, 219, 356 P. 2d 659.) Moreover, contributory negligence is never presumed; it must be established by proof, and when the plaintiff's evidence does not disclose his contributory negligence as a matter of law, the jury has an absolute right to disbelieve and disregard all evidence tending to establish its existence. (*Canfield v. Oberzan,* supra.)

Considering the evidence under applicable rules, we are of the opinion the facts urged to convict the plaintiff of contributory negligence were not established by proof beyond the point where reasonable minds might differ. The plaintiff approached the intersection at a reduced speed because of adverse weather and icy conditions, and was struck by the defendant's car which was three times the distance he was from the intersection when he first observed it. The plaintiff had the right to assume the defendant would obey the speed laws. (K. S. A. 8-532.) In view of the condition of the streets and the distances involved, the plaintiff's conduct in proceeding into the insection cannot be said to be negligence to the degree that reasonable minds might not differ, and we conclude the district court did not err in overruling the defendant's motions for summary judgment. The case of *Gard v. Sherwood Construction Co.,* supra, is apropos. That was a negligence case and the district court sustained the defendant's demurrer to plaintiff's evidence. In reversing, this court said:

"The legal questions here involved are so well settled in our law that they need not be labored. This was an action at common law in which the plaintiff sought damages alleged to have resulted from defendant's negligence. This is the kind of an action in which each party is entitled to a trial by jury as a matter of right. *Such an action should not be converted into a trial by the court.* Negligence is the lack of due care. The instances are relatively rare

when the facts are such that the court should say that as a matter of law the negligence alleged has or has not been established. (*Lawrence v. Kansas Power & Light Co.*, 167 Kan. 45, 49, 204 P. 2d 752.)." (1. c. 549.)

See, also, *Canfield v. Oberzan*, supra, and *Pennsylvania National Mutual Cas. Co. v. Dennis*, supra, which are directly in point.

The defendant contends his rights were prejudiced and he was deprived of a fair trial because of a question asked a witness and some casual comment made during closing arguments. While no record was made of the closing arguments of counsel, counsel for the defendant filed an affidavit in support of their motion for a new trial to the effect that during the trial one of plaintiff's attorneys, while interrogating witness Phil Stuckey who was a passenger in the plaintiff's truck, inquired about personal injuries he received in the collision and in words or substance, asked, "has your claim against Mr. Lebling, the defendant, been settled to your complete satisfaction?," to which an affirmative response was made. No objection was made by counsel for the defendant to the question, nor did counsel request the court to instruct the jury to disregard the answer or move for a mistrial. The affidavit further stated that during closing arguments to the jury, one of plaintiff's counsel stated in words or substance that Phil Stuckey was severly injured and that his claim for damages against the defendant had been settled to his satisfaction and for that reason Stuckey was a fair and impartial witness. Again, no objection was made by counsel for the defendant.

As indicated, the propriety of the question by plaintiff's counsel, which we pause to note was highly improper and should not have been asked, and comments made in his closing argument to the jury were first presented to the district court at the hearing on the motion for a new trial. We think they come too late.

With respect to the question asked witness Stuckey, our new Code of Civil Procedure which codifies our rules of evidence (Ch. 60, Art. 4, Kansas Statutes Annotated) applies in every proceeding, both criminal and civil, conducted by or under the supervision of a court, in which evidence is produced, except to the extent that such rules may be relaxed by other procedural rules or statutes applicable to the specific situation. K. S. A. 60-404 provides in substance that no verdict should be set aside, or judgment based thereon be reversed, because of erroneous admission of evidence, unless the record reveals that an objection, specifying the grounds thereof, was timely interposed. This statute merely restates the

practice which has long existed in this state. See Advisory Committees Notes, Gard's Kansas Code of Civil Procedure, Annotated, Section 404, page 367; 4 Vernon's Kansas Statutes Annotated, Code of Civil Procedure, Section 404, pages 191, 193, 194; *State v. Freeman*, 195 Kan. 561, 564, 408 P. 2d 612; *Grohusky v. Atlas Assurance Co.*, 195 Kan. 626, 629, 408 P. 2d 697; *State v. Jolly*, 196 Kan. 56, 58, 410 P. 2d 267; *State v. Gates*, 196 Kan. 216, 410 P. 2d 264, and *State v. Lee*, 197 Kan. 463, 466, 419 P. 2d 927. In *State v. Freeman*, supra, it was said the rule is referred to as the contemporaneous objection rule and that as a corollary to the rule, objections to the admissibility of evidence will not for the first time be considered on appeal. In *Grohusky v. Atlas Assurance Co.*, supra, it was said the rule established a must requirement for trial court practice and requires a timely and clear objection to the admissibility of the evidence. In *Leake v. Chaddock*, 129 Kan. 499, 283 Pac. 625, it was held that a judgment will not be reversed for the introduction of evidence where no objection was made to its introduction at the trial. See, also, *Bank of Pleasanton v. Howard*, 131 Kan. 616, 618, 293 Pac. 407, and *Briley v. Nussbaum*, 122 Kan. 438, 422, 252 Pac. 223. The filing of the affidavit by counsel for the defendant setting forth their version of the question complained of, in support of their motion for a new trial, comes too late and will not be considered on appeal.

Likewise, the claimed error of misconduct of counsel for the plaintiff in his closing argument to the jury affords no ground for reversal. In *Watkins Co. v. Hanson*, 185 Kan. 758, 347 P. 2d 447, the point was specifically ruled upon, and it was said:

". . . The established rule is that misconduct of counsel in argument to the jury is not available as a ground for the sustaining of a motion for a new trial or the reversal of a judgment where no objection was made to it and no request was made for a ruling thereon, or for an instruction to the jury concerning it. (*Mai v. City of Garden City*, 177 Kan. 179, 277 P. 2d 636; *Shreve v. Kansas Turnpike Authority*, 181 Kan. 406, 312 P. 2d 595.) The fact counsel for appellant has seen fit to include in his brief an affidavit setting forth his version of the statements complained of affords no basis whatsoever for a contrary conclusion. . . ." (l. c. 761.)

Our review of the record convinces us the district court did not err upon either of the grounds urged by the defendant, and the judgment is affirmed.

It is so ordered.