No. 45,499

Eva Mae Striplin, *Appellant,* v. Kansas Gas & Electric Company, a Corporation, *Appellee.*

(461 P. 2d 825)

Opinion filed December 6, 1969.

*Terry O'Keefe* and *Walter C. Williamson,* both of Wichita, argued the cause, and *Dale Kidwell* and *Kenneth M. Nohe,* also of Wichita, were with them on the brief for the appellant.

*Ralph Foster,* of Wichita, argued the cause, and *Stanley Garrity, Vernon D. Just* and *William A. Wells,* all of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

Price, C. J.: This is an action to recover for personal injuries and other damage sustained by plaintiff when the car driven by her struck a utility pole owned and installed by defendant company in the driveway entrance to a gasoline service station.

The jury made special findings and returned a general verdict for plaintiff for $1,700.00.

Defendant's motion to set aside the verdict and for judgment notwithstanding the verdict (K. S. A. 60-250) was sustained.

Plaintiff has appealed from that ruling and asks this court to reinstate the verdict.

For purposes of this appeal the facts may be highly summarized.

The service station in question was at the southwest corner of a street intersection in Wichita. The east-west street (Kellogg) was being widened, which made it necessary for defendant to move its utility poles at the intersection. The pole in question was moved to a location substantially in the north half of the east driveway leading into the service station from the north-south street. It was a black creosoted pole. There appears to be no question that it was installed in accordance with state highway and city specifications. No warning signs were attached to it, and because of its color was difficult to see at night.

On the evening in question—after dark—plaintiff approached from the south—driving slowly. She turned to her left into the driveway to the service station. She did not see the pole "until she hit it". The immediate area was well lighted from lights of the service station, a grill and liquor store. Plaintiff was familiar with the driveway—having been to the service station on a number of occasions. As a result of striking the pole plaintiff's car was damaged and she sustained personal injuries.

The pretrial order contained a stipulation that the pole was located within the right-of-way lines of the north-south street, south of Kellogg, but outside the curb line of the north-south street for traffic using that street. Among the issues of fact to be determined were whether defendant was guilty of negligence and whether plaintiff was guilty of contributory negligence. The pretrial order further recited that plaintiff's contentions were that defendant was negligent in placing a dark utility pole in the driveway of the service station where the public was invited to travel, and in not having proper lighting on the pole or other appropriate warning devices. The order further recited that defendant's contentions of contributory negligence were, among other things, that plaintiff failed to keep a reasonably careful lookout; that she failed to look and see that which was plainly visible, and that she knew, or should have known, of the location of the pole because of recent familiarity with the driveway. It was further recited in the order that the questions of law for determination were whether, under the facts, plaintiff had a claim for which relief could be granted; whether plaintiff was guilty of contributory negligence as a matter of law,

and whether there was any duty on the part of defendant to warn plaintiff that the driveway to the service station was being altered or not available for use by business invitees of the station.

The parties proceeded to trial. After stating the contentions of the parties, the court gave the usual and standard instructions on negligence and ordinary and proper care. Instructions Nos. 3 and 7 were devoted to contributory negligence and the rights of the parties in the event such negligence was found. Instruction No. 5 was:

"The law requires public utilities to erect and to maintain service facilities with reasonable care to avoid hurt or injury to others. If the circumstances of this case are such that the defendant, by using ordinary care, would recognize at once that their act of relocating the pole would place another in danger, the duty to take reasonable precaution to avoid danger then arises."

Together with its general verdict in favor of plaintiff the jury made two special findings.

The first was that plaintiff was not guilty of negligence.

The second was that defendant was guilty of negligence and that it consisted of:

"We feel that the relocation of the pole placed it in an obvious place of danger and further feel that it was the defendant's responsibility to attach some warning device or other means of making the presence of the pole known."

At the conclusion of plaintiff's evidence and again at the conclusion of all the evidence defendant had moved for a directed verdict and for judgment under K. S. A. 60-250. Following the verdict, defendant renewed its motion, as it had a right to do under the statute.

In sustaining defendant's motion for judgment the court commented that it was inclined to think that instruction No. 5 (above quoted) was erroneous and that the physical facts showed plaintiff to be guilty of contributory negligence as a matter of law and therefore the verdict could not stand. It further commented to the effect that defendant, having installed the pole in proper manner pursuant to specifications of the public authorities, was relieved of obligation to warn those who might be entering the driveway of the private business.

During the trial defendant had objected to instruction No. 5 on the ground it was "a revision of P. I. K. 12.70, which is a business invitee instruction and which places this Defendant in the same

position as the proprietor, which I respectfully submit is not the law of the State".

We disagree with defendant's contention as to the import of instruction No. 5 and that is a revision of PIK 12.70—which concerns the duty of an invitee to use reasonable care for his own safety when on the premises of another.

This action is not against the owner or proprietor of the service station—and therefore rules pertaining to the degree of care owed to a business invitee or licensee do not come into play. There was no relationship of invitee or licensee as between plaintiff and this defendant.

The order setting aside the verdict and entering judgment for defendant appears to be based on the fact that instruction No. 5 was erroneous and that under the evidence plaintiff was guilty of contributory negligence as a matter of law.

We believe the criticism of instruction No. 5 is unjustified. Actually, it merely is a general statement of the universal rule to the effect that everyone—including a public utility company—is under a duty to exercise reasonable care—in the circumstances—to avoid injury to others. As applied to the facts of this case we fail to see how defendant was prejudiced by the instruction.

And neither do we agree that the evidence was such as to convict plaintiff of contributory negligence as a matter of law. In fact, it was quite conflicting, and was such that the minds of reasonable men could easily differ on the question. The applicable rule has been stated many times (*Borggren v. Liebling*, 198 Kan. 161, 422 P. 2d 884, and cases cited). Subsection (*b*) of K. S. A. 60-250 is the same as the corresponding subsection of the federal rule, and it will be seen in *Swearngin v. Sears Roebuck & Company*, 376 F. 2d 637 (10th Circuit, Kansas, 1967) that the federal court has applied the same test as that in the *Borggren* case, above. We believe the court erred in concluding that plaintiff was guilty of contributory negligence as a matter of law. The question was properly submitted to the jury in the first instance.

In conclusion—instruction No. 5 was not prejudicial to defendant. The question of contributory negligence was properly submitted to the jury. The jury found that plaintiff was not negligent, and that defendant was negligent. There is evidence to support both findings. It is apparent both parties were afforded a fair trial. Even in event of reversal defendant does not request a new trial. Plaintiff does

not request a new trial—merely reinstatement of the verdict. No error in the trial itself being made to appear—we know of no reason—and none has been cited—why—upon reversal—the verdict of the jury should not be reinstated.

The judgment is reversed with directions to reinstate the verdict.