(599 P.2d 310)

No. 50,188

Dorothy K. Coffey, *Appellant,* v. Willard E. Stephens, *Appellee.*

Opinion filed August 31, 1979.

*Elwyn L. Cady, Jr.,* of Independence, Missouri, and *Harry B. Reese,* of Kansas City, for the appellant.

*Clifford T. Mueller* of Rushfelt, Mueller, Lamar, Druten & Moran, of Overland Park, for the appellee.

Before Spencer, P.J., Swinehart and Meyer, JJ.

Spencer, J.: This is an action for damages sustained in an automobile accident. Trial to a jury was conducted on the issue of whether defendant was estopped from relying on the bar of the two-year statute of limitations. At the close of all of the evidence, defendant moved for a directed verdict. Ruling was reserved and the matter was submitted to the jury, which returned a verdict that plaintiff was not entitled to rely on the doctrine of equitable estoppel for the reason that "[s]ubstantial evidence was not provided that the plaintiff was lulled into a false sense of security." Following a hearing on post-trial motions, the court sustained defendant's motion for a directed verdict and entered judgment accordingly.

On appeal, plaintiff contends (1) the court erred in entering judgment in accordance with defendant's motion for directed

verdict; and (2) the court erred in its instructions on the issue of equitable estoppel.

The accident occurred January 24, 1970. The petition was filed June 1, 1972, and judgment for defendant was entered May 24, 1974. A timely notice of appeal was filed, but for various reasons presented to and resolved by the trial judge, the case was not docketed in this court until June 21, 1978. It has been stipulated that insofar as is practical the current rules of appellate practice are to be applied.

"In ruling on a motion for directed verdict pursuant to K.S.A. 60-250, the court is required to resolve all facts and inferences reasonably to be drawn from the evidence in favor of the party against whom the ruling is sought, and where the evidence is such that reasonable minds could reach different conclusions thereon, the motion must be denied and the matter submitted to the jury. The same basic rule governs appellate review of a motion for a directed verdict." *Frevele v. McAloon,* 222 Kan. 295, Syl. ¶ 5, 564 P.2d 508 (1977).

The same test is to be applied to a motion for judgment notwithstanding the verdict under K.S.A. 60-250(*b*). *Striplin v. Kansas Gas & Electric Co.,* 204 Kan. 324, 327, 461 P.2d 825 (1969). Here, however, the matter was submitted to the jury, which by its special verdict found in favor of defendant. This being so, even if this court should find the trial court erred in granting the motion, plaintiff's relief on appeal is a reinstatement of the jury verdict absent some error requiring a new trial. *Sexsmith v. Union Pacific Railroad Co.,* 209 Kan. 99, 110, 495 P.2d 930 (1972); *Striplin v. Kansas Gas & Electric Co.,* 204 Kan. 324.

The doctrine of equitable estoppel and its application as a bar to reliance on the statute of limitations were recently discussed in *Bowen v. Westerhaus,* 224 Kan. 42, 48, 578 P.2d 1102 (1978):

"The type of conduct which is sufficient to give rise to an estoppel generally raises a question of fact unless the facts are stipulated or depend upon the interpretation of unambiguous written documents."

The principle underlying the doctrine is that a person will be held to a representation made or a position assumed when otherwise inequitable consequences would result to another who, having a right to do so under all of the circumstances, has in good faith relied thereon. *Maurer v. J.C. Nichols Co.,* 207 Kan. 315, 485 P.2d 174 (1971). There is no definite rule as to when the doctrine will be applied; each case must be determined on its own facts. *Safeway Stores v. Wilson,* 190 Kan. 7, 12, 372 P.2d 551 (1962).

One general statement of the doctrine which runs throughout the cases in which it is asserted is that a defendant, who has acted in such a fashion that his conduct is sufficient to lull his adversary into a false sense of security forestalling the filing of suit until after the statute has run, will be precluded from relying on the bar of the statute. *Bowen v. Westerhaus,* 224 Kan. at 48; *Safeway Stores v. Wilson,* 190 Kan. at 14.

In the case at hand, plaintiff was paid for all property damage, including loss of the use of her vehicle, prior to the running of the statute. She testified an adjuster for the insurance company told her the accident was defendant's fault and the insurer would take care of all claims; that a second adjuster for defendant's insurer restated the promise to settle in full when she was released from medical care; and that a third adjuster to whom the matter was transferred made the same promise. She stated that, from the time of the initial contact with the insurer's representatives, no one ever told her the claim would not be settled.

Defendant notes that plaintiff hired an attorney eight and one-half months prior to the running of the statute, who was given full authority to handle her claim, and there is no testimony to indicate the attorney relied on any conduct of defendant's insurer in failing to file suit. Other evidence indicates the matter was not resolved prior to the running of the statute due to requests for delays by plaintiff's attorney, while at the same time defendant's insurer sought to have settlement negotiations started. Defendant states that failure to timely file suit was not because of any conduct on the part of his insurer but due solely to the fault of plaintiff and her attorney.

Where an attorney skilled in negligence work has intervened on the part of a plaintiff, the mere fact that liability has been admitted and a proposal made to negotiate settlement in the future does not alone obviate the necessity of filing a suit within the period required by the statute. *Bealle v. Nyden's, Incorporated,* 245 F. Supp. 86 (D. Conn. 1965); *Kunstman v. Mirizzi,* 234 Cal. App. 2d 753, 44 Cal. Rptr. 707 (1965); *Devlin v. Wantroba,* 72 Ill. App. 2d 383, 218 N.E.2d 496 (1966). However, plaintiff here contends that she employed an attorney merely to negotiate the settlement on her behalf and that defendant's representatives did more than propose to negotiate a settlement in the future when she was assured that her claim would be settled

in full upon release from medical care. The truth of such assertions is for the decision of the jury.

It does appear that, following employment of plaintiff's attorney, the only request for delay made by the insurer was the suggestion that the claim not be presented until after plaintiff was released from medical treatment. Delay thereafter was at the request of plaintiff's attorney, who wanted certain medical reports. It was the insurer who initiated the contacts in an attempt to get the negotiations started and it was plaintiff's attorney who sought delay. However, the facts in this case were not stipulated, nor did they depend on the interpretation of a written document. Under all of the circumstances, we have no hesitancy in holding that the issue was properly submitted for determination by the jury and that the verdict of the jury should be reinstated, absent error requiring a new trial.

Plaintiff argues that jury instructions No. 6, No. 8, and No. 9 were incorrect statements of the law. Instruction No. 6 provided:

"There is no fixed or definite rule governing the doctrine of 'equitable estoppel' which the Court can give you. Each case in which the doctrine is advanced must be determined from its own individual facts. To invoke the doctrine, as a general rule, the defendant must have done something that amounted to an affirmative inducement to plaintiff to delay bringing the action until after the two year period of limitation had run. The doctrine of equitable estoppel cannot be invoked by a plaintiff who has suffered loss solely by reason of her own acts or omissions. Before you can find in favor of the plaintiff you must find from the evidence, not only that any delay in filing suit was brought about by the conduct of the defendant or his representatives, but also that the conduct of the defendant or his representatives was calculated to lull the plaintiff into a false sense of security that dissuaded her from not filing suit within the two year period immediately following the accident."

Plaintiff challenges the last two sentences of this instruction as not in accord with *Safeway Stores v. Wilson.*

The first of the challenged sentences is an accurate statement. Generally, in order to create an estoppel, actual fraud in the technical sense, bad faith, or an attempt to mislead or deceive is not essential. What must appear is some representation or course of conduct which amounts to affirmative inducement sufficient to cause plaintiff to delay bringing the action. *Safeway Stores v. Wilson,* 190 Kan. at 12; *Rex v. Warner,* 183 Kan. 763, 771, 332 P.2d 572 (1958), and cases cited therein.

However, to instruct that the conduct of defendant must have been "calculated to lull the plaintiff into a false sense of secur-

ity," is to say that defendant must have planned or contrived with the deliberate intent to lull plaintiff into a false sense of security. We do not understand this to be the law and, although the jury was otherwise properly instructed, the last sentence of instruction No. 6 went far beyond what was required for a finding of equitable estoppel in this case and could easily have misled the jury. We hold to so instruct was prejudicial error.

Having so decided, it is unnecessary to consider other points on appeal. Reversed and remanded for new trial.