No. 39,963

Carl T. George, *Appellant*, v. Richard R. Ayesh, *Appellee*.

(295 P. 2d 660)

Opinion filed April 7, 1956.

*Charles W. Harris*, of Wichita, argued the cause, and *Claude I. Depew, Lawrence Weigand, Lawrence E. Curfman, Byron Brainerd, Orval J. Kaufman, J. Ruse McCarthy, Thomas A. Wood* and *Donald A. Bell*, all of Wichita, were with him on the briefs for the appellant.

*Robert C. Foulston*, of Wichita, argued the cause, and *George B. Powers, Samuel E. Bartlett, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Malcolm Miller, Robert N. Partridge* and *Robert M. Siefkin*, all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Price, J.: This was an action to recover for personal injuries sustained by plaintiff when he tripped and fell in the storeroom

of defendant's retail liquor store. A demurrer to the evidence was sustained and plaintiff has appealed.

Defendant was the owner and operator of a retail liquor store in Wichita. Plaintiff was a wholesale liquor salesman and had been calling on defendant at regular intervals of once or twice a week. On such occasions it was customary for them to check defendant's stock in both the salesroom and storeroom so as to determine what liquors should be ordered by defendant. This practice necessarily involved inventorying cases stacked along the wall in the storeroom, some of which were full, partially full, or empty.

On the day in question, March 29, 1951, plaintiff called at defendant's store, and, as usual, he, at defendant's request, started to assist in checking defendant's supply of liquor so that the latter would know how much new stock to order from plaintiff. After checking over the stock in the display room at the front part of the store they proceeded to the storeroom located in the rear. Just then a customer entered the store and defendant proceeded to wait on him. Plaintiff went on back to the storeroom and commenced to check the stock as he had done on a number of occasions. Located in this room were a desk, chair and various liquor cases stacked on the floor along the north wall. The room was well lighted and contained nothing to obstruct a person from seeing and observing everything in the room. While checking the contents of liquor cases, and while defendant was still in the front room waiting on the customer, plaintiff, in stepping backward, tripped over a cardboard filler which was on the floor. This "filler" is described as the usual type of cardboard filler ordinarily placed in a case or carton so as to separate bottles. As a result of his fall plaintiff sustained back injuries and brought this action to recover damages in the amount of $15,000.

The pleadings will not be detailed and, in brief, it is sufficient to say that defendant is charged with negligence in placing and leaving the cardboard filler on the floor and thus maintaining a dangerous condition without giving warning thereof to plaintiff. The answer denies allegations of negligence and alleges that plaintiff's injuries were sustained through his own negligence in not watching what he was doing.

Both parties concede, and we agree, that at the time and place in question plaintiff occupied the status of a business invitee and as such was entitled to receive from defendant that standard of

reasonable care which ordinarily prudent persons engaged in the same kind of business usually exercise under like and similar circumstances. In other words, defendant was bound to use ordinary care, under the circumstances, so as to avoid injury to plaintiff. Comment by the trial court at the time of sustaining the demurrer to plaintiff's evidence indicates that perhaps it was of the opinion the degree of care owed by defendant was less than ordinary care, and the court then went on and stated that plaintiff's own evidence showed himself to be guilty of negligence as a matter of law.

Despite the statement by the trial court concerning the degree of care owed by defendant, it is not clear that such had anything to do with the decision. And, even though it did, the established rule is that a judgment which is correct in result will not be disturbed on appellate review even though the reasons given for its rendition are wrong. (*Henks v. Panning,* 175 Kan. 424, 264 P. 2d 483, Syl. 4.)

We therefore examine the evidence in this case upon the premise that plaintiff was a business invitee and that, as such, he was owed the duty of ordinary care on the part of defendant.

In support of his position plaintiff relies on a number of decisions concerning the duty of a merchant or storekeeper to keep his aisles and passageways in a reasonably safe condition so as not unnecessarily to expose patrons to danger, among them being *Thogmartin v. Koppel,* 145 Kan. 347, 65 P. 2d 571. We have no quarrel with the rules announced in that case, and neither do we find any fault with the principles laid down in cases such as *Reese v. Abeles,* 100 Kan. 518, 164 Pac. 1080, L. R. A. 1917E 747; *Donaldson v. Kemper,* 149 Kan. 330, 87 P. 2d 535; *Buck v. Miller Amusement Co.,* 166 Kan. 205, 200 P. 2d 286, and *Harral v. Kent Corporation,* 168 Kan. 322, 212 P. 2d 356, in which the condition in question consisted of some dangerous hidden defect such as a step-down, open hole, dark stairway, or the like. The trouble, from plaintiff's standpoint, is that the evidence here simply does not establish any such hidden dangerous defect as was present in the last-mentioned cases.

In fact, as we read this record, there is a total lack of negligence on the part of defendant and no showing of a violation of any duty. The responsibility of a merchant or storekeeper varies according to the circumstances. The mere fact that an invitee slips or falls in a place of business does not necessarily render the owner or

proprietor liable in damages. As a practical matter, it seems utterly unreasonable to say that the operator of a liquor store who allows a cardboard filler to remain on the floor of his storeroom in plain view of anyone who takes the trouble to observe, is guilty of negligence for so doing.

This opinion might well end with what has been said, but, because of the contentions made, we mention briefly the matter of contributory negligence on the part of plaintiff. His testimony on the point will not be detailed, but from his own lips were admissions that if he had looked where he was stepping the accident would not have happened, and that the reason it happened was because he did not look. Under the circumstances he was bound to use ordinary care for his own safety and is not to be excused for not seeing that which was in plain view to be seen. The applicable rule is stated in *Ray v. Allen*, 159 Kan. 167, 152 P. 2d 851, where it was held that if a plaintiff's own evidence shows him guilty of negligence which precludes his recovery a defendant may take advantage thereof by demurrer.

The order of the trial court sustaining the demurrer to plaintiff's evidence clearly was correct, and the judgment is affirmed.