No. 46,005

ZONA FISHER, *Appellant,* v. SEARS, ROEBUCK & COMPANY, *Appellee.*

(485 P. 2d 1309)

Opinion filed June 12, 1971.

*Emerson M. Pomeroy,* of Topeka, argued the cause, and *Elwaine F. Pomeroy* and *Allan A. Hazlett,* both of Topeka, were with him on the brief for the appellant.

*Robert D. Hecht* of Scott, Quinlan, Hecht and Baxter, of Topeka, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: The plaintiff, Zona Fisher, appeals from an order of the trial court setting aside a plaintiff's verdict for $7,000 and entering judgment for defendant, Sears, Roebuck & Company. We will continue to refer to the parties as plaintiff and defendant.

This court on appeal has one controlling question before it. Did the trial court properly set aside a verdict in favor of plaintiff and

enter judgment in favor of defendant at the close of a jury trial?

There is no more difficult thing for a lawyer to explain to his client than that which happened in this case. A verdict was handed down by the jury after a trial but the court then ruled the plaintiff was not entitled to that verdict as a matter of law. The explanation lies in the application of the law to the particular facts of the case, and generally not in any failure of plaintiff's lawyer. However, this is of little consolation to the lawyer or his client.

K. S. A. 60-250 (b), in pertinent part, reads:

"Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. A party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; . . . If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. . . ."

This statute was enacted to facilitate the orderly administration of justice with dispatch. It permits the trial to proceed to a conclusion and then a judge is permitted to reconsider these motions. The statute does not give a trial court free reign to substitute its judgment for that of a jury. (*Gard v. Sherwood Construction Co.,* 194 Kan. 541, Syl. ¶ 8, 9, 400 P. 2d 995; *Striplin v. Kansas Gas & Electric Co.,* 204 Kan. 324, 461 P. 2d 825.) The standard to be used in measuring a defendant's motion for a directed verdict or for a judgment notwithstanding the verdict is the same. The question to be asked is whether there is any substantial evidence to sustain a verdict and judgment for plaintiff. Such motions should be sparingly and cautiously granted. (*Striplin v. Kansas Gas & Electric Co.,* supra; *Swearngin v. Sears Roebuck & Company,* 376 F. 2d 637 [1967].) In *Striplin* it was said the rule is simple but its application is perplexing, for it is always subject to the human equation. In passing on a motion for directed verdict the evidence must be viewed in a light most favorable to the opposing party (in this case the plaintiff). (See *Christopherson v. Humphrey,* 366 F. 2d 323 [10 Cir. 1966].)

Defendant in this case moved for a directed verdict at the close of plaintiff's evidence and again at the close of all evidence in the case. Both motions were denied. The trial proceeded and a ver-

dict was returned. The defendant filed a motion to set aside the verdict and enter judgment for defendant. This motion was taken under advisement and then sustained. The procedural requirements set forth in K. S. A. 60-250 (*b*) were complied with. So our concern on appeal is with the sufficiency of the evidence.

The propriety of granting or denying a motion for a directed verdict is tested by the same rule on appeal as in the trial court. The trial court is required to view the evidence and inferences therefrom most favorable to the party against whom the motion is made. The appellate court must do the same. (*Striplin v. Kansas Gas & Electric Co.*, supra; see also *Springfield Tent & Awning Co. v. Rice*, 202 Kan. 234, Syl. ¶ 1, 447 P. 2d 833.) The credibility of witnesses is no concern of the court on a motion for directed verdict. (2B Barron & Holtzoff, Federal Practice and Procedure, § 1075, p. 385.)

We turn to the facts in evidence. The plaintiff went to the Sears, Roebuck & Company store located at the White Lakes Shopping Center in Topeka to exchange a garment. Plaintiff was 78 years of age and alone when she entered the store. After inquiry she learned the store did not have the proper size of garment in stock. She was advised where a cash refund might be obtained and she was directed to take the escalator to the second floor to obtain it. On the way to the escalator she stopped to look at dresses in the ladies ready-to-wear department. The dresses were displayed in long double rows hung on display racks. At the end of each display rack and facing the main aisle was a platform on which a life-size mannequin stood. The aisle between the display racks had a clearance of 30 inches between the dresses and between the low display platforms at the end. The area where the dress racks and the display platforms were placed was carpeted. The display platforms were painted a light color. The carpet below was of a darker contrasting color. The tops of the display platforms were 8 or 9 inches from the floor. The main aisle at the end of the dress display was approximately 8 feet wide and floored with light colored tile. The display platforms were set back in the carpeted area 8 or 9 inches from the main aisle. The entire area was well-lighted.

Plaintiff testified she walked along between the dresses which were hanging on the racks until she approached the main aisle. She was looking up and away from where she was in order to locate the escalator. When she was about 2 feet from the front of the dis-

play rack she turned to her right and stumbled over the corner of the display rack. She fell into the main aisle and received substantial injuries.

In a well reasoned memorandum opinion the trial court stressed the following facts pertinent to his decision:

"After careful consideration of all the evidence, the Court is convinced that the evidence with respect to negligence on the part of defendant was clearly insufficient as a matter of law to warrant submitting plaintiff's case to the jury.

"The displays in question consisted of a platform with a high back attached at a right angle to the platform. Mannequins were placed upon the platforms. The displays faced upon a wide, well-lighted corridor. Clothes racks were attached to the backs of the displays which were placed in such a way as to form an aisleway between racks and displays through which customers could walk. A number of such displays were in use at the time of plaintiff's accident.

"Due to the fact that the backs of the displays were the same width as the platforms, there was no basis in the evidence for plaintiff's contention that defendant had placed low platforms so as to protrude into the aisleway (formed by the displays). The displays, themselves, formed the aisleway and anyone traversing it in the same direction as the plaintiff would have been confronted by the high back of the display before coming into contact with the platform. If a business invitee had walked with sufficient clearance to avoid the high back, he would also have avoided the platform (which plaintiff contended caused her fall) unless he changed his course by veering into the corner of said platform which was in full view.

"The display was in no way defective. It was fully visible and nothing about it could be said to be hidden from view. The metal legs supporting the platform were set back under the platform in order to avoid contact with customers. The color of the platform was white and, therefore, contrasted with the brown carpet on the floor. The evidence further indicated that the store lights were on and the displays fully illuminated.

"The instant case is clearly distinguishable from those cases in which debris or a foreign substance on a floor created a dangerous condition (e. g. piece of meat, grease, piece of lettuce, etc.). In the case at bar there was nothing about the display which constituted a hidden defect, an unusual circumstance or a dangerous condition. Said display was where it was supposed to be and was utilized in a customary and obvious manner. The Court, therefore, concludes that there was insufficient evidence that the display in question created a dangerous condition on defendant's premises.

"Furthermore, there was no evidence that the use of such a display fell below the standard of ordinary care in the merchandising industry. The injury of plaintiff in connection with said display was not reasonably forseeable, and it cannot be said that the utilization of said display in defendant's store constituted a violation of defendant's duty to plaintiff to exercise ordinary care.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"Any contention on the part of plaintiff that she was subjected to an un-

reasonable risk of harm as a result of defendant's attractive display, was expressly rejected by plaintiff's own testimony. Said plaintiff testified that she was not looking at the display or the mannequin but was in fact looking for the escalator."

The law regarding the duty of those engaged in a retail business to keep the premises reasonably safe has been iterated in many of our cases. The proprietor of a store owes a duty to customers and other invitees to use care to keep the premises in a reasonably safe condition. (*Knowles v. Klase,* 204 Kan. 156, 460 P. 2d 444.) A store proprietor is not an insurer of his customers' safety. (*Steinmeyer v. McPherson,* 171 Kan. 275, 232 P. 2d 236; *Little v. Butner,* 186 Kan. 75, 348 P. 2d 1022.) A store proprietor may be required to put up warning signs or install guardrails to protect customers from a particular condition if it creates a latent danger which would otherwise expose customers to an unreasonable risk of injury. (*Marietta v. Springer,* 193 Kan. 266, 392 P. 2d 858.) However, there is no duty to warn or protect by guardrails if the object or condition causing the injury is normally present in similar stores, and if it is plainly visible and can be anticipated and avoided by the use of reasonable care on the part of the customers. (*George v. Ayesh,* 179 Kan. 324, 295 P. 2d 660.)

In reviewing the many cases in this area it appears there is a sharp division of authority as to liability for injuries resulting from tripping over an object protruding into an aisle or passageway. (See Anno. 26 A. L. R. 2d 675.)

However, when injuries are caused from a customer failing to observe and avoid some piece of standard equipment properly placed, well-lighted and used in the store, the rule is generally against recovery. (See Anno. 33 A. L. R. 181, at p. 188, and 162 A. L. R. 958.)

The plaintiff in the present case is confronted with evidence about which there is no dispute. She tripped over a display platform on which was located a life-size mannequin. It was located in a well-lighted area, did not protrude into the aisle and was plainly visible to anyone using the premises. It was a display appliance normally used in such stores and by the use of reasonable care she could have anticipated and avoided it. There was no evidence the proprietor failed to keep the premises, including the display appliance, in a reasonably safe condition to prevent injuries to customers. Therefore, as a matter of law, the evidence failed to show a viola-

tion of the proprietor's duty to customers and other invitees to use care to keep the premises in a reasonably safe condition.

Accordingly we hold the proprietor is not liable for injuries to plaintiff who fell over the display appliance which was being used in a usual manner in conducting the business. It was not shown the proprietor failed to keep the premises in a reasonably safe condition to prevent injuries to customers.

The plaintiff further argues that the trial court erroneously failed to consider her allegations that the defendant was negligent in failing to protect the customers by building uprights or guardrails around the display platforms.

A store proprietor is not required to put up warning signs or install guardrails to protect customers against injury from falling over a display appliance unless the use and location of a particular display creates a latent danger which would otherwise expose customers to an unreasonable risk of injury. (See *Marietta v. Springer,* supra.)

The location and nature of the display platform in this case did not create a latent danger. Therefore, there was no duty to provide guardrails.

We have conscientiously examined each point specified by plaintiff on appeal. Under the law governing a proprietor's duty to customers and under the facts of this case we must hold as a matter of law the evidence was insufficient to show defendant failed to use care to keep the premises in a reasonably safe condition. Accordingly the trial court did not err in setting aside the verdict and entering a judgment for defendant.

Judgment is affirmed.