No. 46,399

ALCIDENE WARREN, *Appellant,* v. T. G. & Y. STORES COMPANY, A Corporation, *Appellee*

(499 P. 2d 201)

Opinion filed July 19, 1972.

*James R. Hanson,* of Boyer, Donaldson and Stewart, of Wichita, argued the cause, and *Kenneth R. Van Blaricum,* of the same firm, was with him on the brief for the appellant.

*Larry A. Withers,* of Kahrs, Nelson, Fanning, Hite and Kellogg, of Wichita, argued the cause, and *Richard C. Hite* and *Gary A. Winfrey,* of the same firm, were on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is an action in which the appellant, Alcidene Warren, seeks to recover damages from the appellee, T. G. & Y. Stores Company, for personal injuries suffered by Mrs. Warren when she tripped and fell over a box of merchandise which had been placed in an aisleway by employees of the store. The case was tried to a jury. At the close of appellant's evidence the district court sustained a motion in favor of the appellee for a directed verdict on the ground that the appellant was contributorially negligent as a matter of law which barred her recovery. The appellant's motions to set aside the judgment and for a new trial were overruled and the appellant has brought a timely appeal to this court.

The facts in this case are not in dispute. We will accept the testimony of appellant Alcidene Warren as true in determining the sufficiency of appellant's evidence to make a *prima facie* case and to go to the jury.

Appellant, Mrs. Warren, entered the store of appellee in Wichita, Kansas, on the evening of October 23, 1969, on her way home from work. Her purpose for stopping at the store was to purchase some wrapping paper and paper plates for a birthday celebration for her children. The store was relatively new, having opened about one year before appellant was injured. Appellant had patronized the store about once a week during the past year. The place of residence of appellant and her husband was within a mile of the location of the store.

Appellant testified that during the times she was in the store before the accident occurred, she had seen boxes or displays within the aisleways and that this was probably an occasional occurrence. She stated that in her experience in similar retail establishments this was probably true generally and that she sometimes did find boxes of merchandise in the aisleways. On the day she was injured Mrs. Warren testified that her husband waited for her in the family car parked in a parking lot located on the east side of the store. After she entered the store, appellant purchased one package of paper plates and one small piece of wrapping paper. At the time of her fall she was carrying these items together with her purse in her hands. There was nothing about these packages that interfered with her vision. Appellant testified that she was in somewhat of a rush on the day the accident occurred in order to get on with the birthday party for her children. After she fell she observed a box in the aisleway which she described as 6″ to 8″ high, a foot wide and 1½ feet long. There was nothing else in the aisleway to trip her. Appellant testified that she never saw the box before she fell over it and that she rounded the corner, took three or four steps and was heading for the check-out stand when she fell. It is undisputed that the aisleway was four feet wide. The floor consisted of brown tile and appellant had no complaint about the lighting in the store. The appellee T. G. & Y. stipulated at the trial that the box of merchandise which caused Mrs. Warren to fall belonged to the store and was placed in the aisle by employees of the store. It is undisputed that as a result of her fall Mrs. Warren suffered a fractured bone in the elbow joint of her left arm which caused her personal injury and damages.

On the basis of the testimony of Mrs. Warren the trial court found that appellant was negligent as a matter of law and thereupon sustained appellee's motion for a directed verdict. In taking such action the trial judge reasoned as follows:

"The evidence shows this to have been a wide, well lighted aisle, and it also shows the plaintiff was fixing her attention on the exit and did not see a carton of merchandise which was on the floor over to one side and in plain view to be seen. Under the circumstances she was bound to use ordinary care for her own safety and is not to be excused for not seeing that which was in plain view to have been seen. There is no evidence of her attention having been distracted by displays or other situations in the store except her desire to exit quickly.

"Judgment, therefore, is rendered in favor of the defendant on the ground of contributory negligence."

We will assume for purposes of this appeal that the evidence of appellant was sufficient to raise a genuine issue of fact on the question of appellee's negligence. It was stipulated by the parties that Mrs. Warren was a business invitee at the T. G. & Y. Store. It is undisputed that the box of merchandise was placed in the aisle by employees of the store and hence there is no question of adequate notice to the proprietor involved.

We have held many times that although the proprietor of a store is not an insurer of the safety of his customers he is obligated to exercise ordinary care to keep the store in a reasonably safe condition so as not to cause injury to business invitees. (*Elrod v. Walls, Inc.*, 205 Kan. 808, 473 P. 2d 12; *Little v. Butner*, 186 Kan. 75, 348 P. 2d 1022.) In the case at bar the trial court made no finding as to the sufficiency of the evidence to prove negligence on the part of the appellee as proprietor of the store. That being true, we will not determine this case on that issue but will turn our attention to the question of whether or not the appellant, Mrs. Warren, was guilty of negligence which barred her recovery as a matter of law.

Ordinarily, the existence of contributory negligence is a question of fact, it being for the jury to determine from the circumstances of each particular case whether the conduct of a party was such as would be expected of a reasonably prudent person. In ascertaining whether as a matter of law a plaintiff is contributorially negligent, the evidence and all inferences that may reasonably be drawn therefrom must be accepted as true and considered in the light most favorable to the plaintiff; and if the facts be such that reasonable minds might reach different conclusions therefrom, the issue of contributory negligence must go to the jury. (*Schenck v. Thompson*, 201 Kan. 608, 443 P. 2d 298; *Johnston, Administratrix v. Ecord*, 196 Kan. 521, 412 P. 2d 990; *Bender v. Bulger Cadillac-Oldsmobile, Inc.*, 208 Kan. 72, 490 P. 2d 361.)

The rights and responsibilities of a business invitee in a retail store have been thoroughly discussed in our opinions. We have held that upon entering a retail store, a mature and normal person must make reasonable use of his faculties for his own protection, and, in the interest of his own safety, he is required to use that degree of care which a person of ordinary prudence would exercise under the same or similar circumstances. (*Reese v. Abeles,* 100 Kan. 518, 164 Pac. 1080; *Little v. Butner,* supra.) Where a customer, in the proper pursuit of his business, passes along aisles between counters where merchandise is displayed, he would necessarily be required to pay close attention to the shelves and would not ordinarily be expected to watch the floor and each step taken. In the absence of circumstances which indicate or which reasonably should indicate the existence of defects or dangers, he may assume the premises are safe for the use to be made of them under the invitation to be present in the store. In other words, it is not contributory negligence for a business invitee upon the premises to fail to look out for danger when there is no reason for an ordinarily prudent person to apprehend a peril. (*Little v. Butner,* supra.)

The sole issue presented to the court in the case at bar is whether or not under appellant's own testimony and admissions she was guilty of negligence which contributed to her injury as a matter of law. Under the particular facts and circumstances here we hold that the appellant is barred from recovery by reason of her own contributory negligence and that the trial court was correct in sustaining appellee's motion for a directed verdict. In taking this position we emphasize the following factors in the evidence which in our judgment justify this conclusion:

(1) Appellant was in a "rush" or "hurry."

(2) During the year prior to her injury appellant had occasionally observed boxes of merchandise in the aisleway of this store.

(3) Appellant tripped and fell over a box of merchandise located in plain sight against one side of the aisleway in which she was walking.

(4) Appellant's vision was not obscured. Appellant had no bundles or packages in her arms which interfered with her vision.

(5) The box over which she tripped was 6″ to 8″ high, one foot wide and 1½ feet long and could not be classified as a latent hazard.

(6) The box of merchandise had not been placed close to the corner of the aisleway since the appellant had taken three or four steps after rounding the corner before she fell.

(7) The aisle was four feet wide and there was plenty of room for appellant to avoid the box.

(8) At the time appellant tripped over the box her attention was not distracted by her looking at the merchandise or by her making inquiry to an employee of the store. The check-out counters were in plain view ahead of her as she proceeded down the aisle.

(9) The aisle where appellant fell was adequately lighted.

(10) The store was not crowded at the time appellant fell, which might have justified her failure to observe the box.

In their briefs the appellant and appellee cite numerous cases both in Kansas and other jurisdictions involving the question of contributory negligence on the part of a customer in a retail store. There are comprehensive annotations of cases on this subject in 26 A. L. R. 2d 675 and in 61 A. L. R. 2d 110. Some of these cases have held that the customer's contributory negligence was a question for the jury; others have held the particular customer to be negligent as a matter of law. Many of the decisions cannot be reconciled.

A careful analysis of these and our own cases has led us to the conclusion that in those cases where it was held that the customer's contributory negligence was a question for the jury to determine, there were usually factors present which either distracted the customer's attention or limited the customer's ability to observe the hazard, thereby excusing the failure of the customer to observe the hazard. In some cases the customer was engaged in looking at merchandise displayed on the shelves at the time she fell; hence it was held that the customer's negligence was a question to be determined by the jury. Typical examples of such cases are *Marietta v. Springer*, 193 Kan. 266, 392 P. 2d 858 (customer inspecting Christmas trees); *Little v. Butner*, supra. (customer's attention attracted by merchandise); *Brown v. Slack*, 159 Neb. 142, 65 N. W. 2d 382 (looking for merchandise); *Campbell v. Safeway Stores, Incorporated*, 15 Utah 2d 113, 388 P. 2d 409 (searching display shelves for dog food); *Miller v. Safeway Stores*, 219 Or. 139, 346 P. 2d 647 (looking at merchandise); *Big Apple Super Market v. Briggs*, 102 Ga. App. 11, 115 S. E. 2d 385 (selecting purchases from a display).

In a number of the cases where recovery has been permitted the hazard which caused the injury was a latent condition constituting a not-easily-seen hazard. (*Marietta v. Springer*, supra. (ramp); *Little v. Butner*, supra (grease from meat fat on the floor); *Bingham v. Hillcrest Bowl, Inc.*, 199 Kan. 40, 427 P. 2d 591 (wet terrazzo floor); *Reese v. Abeles*, supra (open stairway in floor partially obscured in semidarkness caused by piles of merchandise

stacked thereabout); *Autry v. Walls I. G. A. Foodliner, Inc.*, 209 Kan. 424, 497 P. 2d 303 (small base for parking lot cone); *Bender v. Bulger Cadillac-Oldsmobile, Inc.*, supra. (unpainted curb which blended into surrounding parking lot); *McHargue v. Great Atlantic & Pacific Tea Company*, 209 So. 2d 283 (Fla. 1968) (cardboard divider not readily discernable).)

In some of the cases where the customer recovered, his attention had been distracted for some other legitimate reason. (*Robicheau v. Supreme Markets, Inc.*, 333 Mass. 608, 132 N. E. 2d 401 (turning around after inquiring about the price of merchandise at a counter); *Autry v. Walls I. G. A. Foodliner, Inc.*, supra (looking out for moving cars in parking lot). There are also cases where a customer's vision was obscured at the time he fell. (*Little v. Butner*, supra. (distracted by a large number of patrons and their children); *Bingham v. Hillcrest Bowl, Inc.*, supra. (customer carrying a tray of doughnuts); *Autry v. Walls I. G. A. Foodliner, Inc.*, supra. (customer carrying packages in her arms).) Finally, in at least two of the Kansas cases poor lighting excused the customer's inability to observe. (*Bass v. Hunt*, 151 Kan. 740, 100 P. 2d 696 and *Campbell v. Weathers*, 153 Kan. 316, 111 P. 2d 72.) In *Campbell* the restaurant operator left an open hole in an unlighted passageway to the toilet and the customer stepped over a pasteboard box directly into the open hole.

We have concluded that the factual circumstances in the case at bar do not furnish an excuse for appellant's failure to observe the box over which she fell. In our judgment appellant's own testimony and admissions justified the finding of the trial court that she was negligent as a matter of law and that such negligence was a contributing cause of her injury.

The judgment is affirmed.

OwSLEY, J., dissenting: The effect of this opinion is to require a customer in a store, when turning into an aisle between displays of merchandise, to stop and view the floor before proceeding. A customer who fails to do so is guilty of contributory negligence as a matter of law.

The opinion cites several cases holding that the issue of contributory negligence is factual when a customer falls over an object on the floor while looking at displayed merchandise. Plaintiff, in this case, was looking for the cash register to pay for her purchases when

she rounded the corner of an aisle, took three or four steps, and fell over a box six to eight inches in height. The majority opinion bases its decision on the distinction between looking for merchandise and looking for the cash register to pay for merchandise. A customer is not guilty of contributory negligence as a matter of law if looking at merchandise, but is guilty of contributory negligence as a matter of law if looking for a place to pay for it. I find it impossible to make this distinction. I would reverse the trial court and direct the issue of contributory negligence to be submitted to a jury.