No. 46,722

ROBERT A. FLORENCE, *Appellant*, v. GEORGE E. McCULLOUGH, W. L. PARKER, JR., ROBERT WAREHEIM, REGINALD LABUNKER and JAMES ROSE, d/b/a McCULLOUGH, PARKER, WAREHEIM, LABUNKER and ROSE, *Appellees*.

(506 P. 2d 1145)

Opinion filed March 3, 1973.

*Louis F. Eisenbarth*, of Sloan, Listrom, Eisenbarth, Sloan and Glassman, of Topeka, argued the cause and was on the brief for the appellant.

*Herbert A. Marshall*, of Marshall, Hawks, McKinney and Hendrix, of Topeka, argued the cause and was on the brief for the appellees.

*Per Curiam:* This is a personal injury case. Summary judgment was granted to appellees upon completion of discovery. The trial court concluded that the undisputed facts established appellees were not negligent as a matter of law and that appellant's own negligence caused his injuries. Appellant contends there was dispute as to material issues of fact and that the questions of appellees' negligence and his own contributory negligence should have been submitted to the jury.

On December 15, 1967, appellant and his attorney came to appellees' law offices in answer to a subpoena for a deposition in a federal district court case. After the deposition was completed, appellees told appellant and his attorney the most direct route to the parking lot was down a hallway and out the rear door of the building. As appellant walked down the hallway, he tripped over a wastebasket which was located against a storage cabinet that formed one wall of the hallway.

The evidence showed appellees' law office building had modern lighting equipment; that the hallway was approximately three feet wide and bordered a work area used by the firm's secretaries; that the wastebasket was about fifteen inches high and twelve inches in diameter. Witnesses differed as to the intensity of the light in the hallway, but all, including appellant, conceded that there was sufficient light to see where one was walking, and that one could have seen the wastebasket if he had looked. Appellant did not see the wastebasket until he fell over it.

In ruling on a motion for summary judgment, the court must resolve against the movant any doubt as to the existence of a genuine issue of material fact, taking as true the evidence of the party opposing the motion and giving such party the benefit of all reasonable inferences that may be drawn from such material. (*Johnson v. Farha Village Supermarkets, Inc.*, 208 Kan. 241, 491 P. 2d 904.)

Appellant admitted there was sufficient light in the hallway to see; that he was watching where he was putting his feet as he walked; that his view was not obstructed, but he did not see the wastebasket. Appellant is bound to use ordinary care for his own safety. He cannot be excused because he did not see what was in plain view to be seen. (*George v. Ayesh*, 179 Kan. 324, 295 P. 2d 660.)

The trial court did not err in ruling appellant contributorily negligent as a matter of law.

Judgment affirmed.