684

(732 P.2d 801)

No. 59,309

Susan Chambers, *Appellant*, v. Skaggs Companies, Inc., *Appellee.*

Opinion filed February 12, 1987.

*John Ivan*, of Shawnee Mission, for appellant.

*Danny L. Curtis* and *Randy W. James*, of Risjord & Curtis, P.C., of Kansas City, Missouri, and *John L. Peterson*, of Williamson & Cubbison, of Kansas City, Kansas, for appellee.

Before Meyer, P.J., Rees and Davis, JJ.

Davis, J.: This is a trip and fall personal injury action brought by Susan Chambers (Chambers) against Skaggs Companies, Inc., (Skaggs). The jury found Chambers' damages to be in the amount of $22,500.00 and found her 40 percent at fault and Skaggs 60 percent at fault. On Skaggs' motion for judgment notwithstanding the verdict, the trial judge set aside the verdict and entered judgment for Skaggs. Chambers timely appeals.

On January 12, 1984, during the noon hour, Susan Chambers went to the Skaggs store in Indian Springs Mall to purchase several balls of string. Chambers was working at another store in the mall and was familiar with the layout of the Skaggs store, where she frequently shopped during her lunch hour. She knew where the string was and walked directly down the aisle, looking slightly upward. The string was on a top shelf, toward the middle

aisle. Chambers picked up three or four balls of twine, turned to go back to the cashier, and tripped on a small box in the aisle. The box was approximately nine inches high and contained cans of a product called Fix-A-Flat.

Chambers was taken to the hospital and diagnosed as having a broken elbow caused by her fall.

Prior to trial, Skaggs moved for summary judgment. In a memorandum opinion, the trial court denied this motion on the ground that an issue of material fact existed. At the close of Chambers' case, Skaggs moved for a directed verdict and filed suggestions in support of its motion. The trial court overruled this motion, finding that a question of fact remained. Skaggs presented no evidence. The case was submitted to the jury. The jury verdict was overturned on Skaggs' motion for judgment notwithstanding the verdict, and this appeal followed.

In sustaining Skaggs' motion for judgment notwithstanding the verdict, the trial court based its decision on a recent Kansas Supreme Court case, *Sepulveda v. Duckwall-Alco Stores, Inc.*, 238 Kan. 35, 708 P.2d 171 (1985). *Sepulveda* involved a personal injury action arising by reason of a claimed defect in a sidewalk leading into the Duckwall-Alco store. *Sepulveda* is a sidewalk defect case. It has long been recognized in Kansas that "[s]light variances or imperfections in sidewalk surfaces are not sufficient to establish actionable negligence in the construction or maintenance of sidewalks." *Sepulveda*, 238 Kan. 35, Syl. ¶ 1. At the base of this doctrine is the recognition that "[i]t may be said to be common knowledge that in cities there are many places where the sidewalks are uneven." The cities' "only duty in this respect is to furnish walks that are reasonably safe for use. [Citations omitted.] To impose a greater duty upon cities would be to place upon them too great a financial burden." *Taggart v. Kansas City*, 156 Kan. 478, 480, 134 P.2d 417 (1943). Thus, "[i]f there is no actionable defect, there is no negligence and thus nothing to compare." *Sepulveda*, 238 Kan. at 40.

We find nothing in *Sepulveda* that suggests this threshold consideration of whether or not there is an "actionable defect" should be applied to store owners. Based upon the authority cited in *Sepulveda* and its specific holding, we find its application is limited as set forth in the opinion to sidewalk defects.

*Sepulveda* harmonizes with reason and common experience and is grounded upon a common-sense rationale:

"To require a higher degree of care in street and sidewalk maintenance than the current 'reasonably safe for use' standard would make such public improvements financially prohibitive, particularly in this state where the wide variation in temperature causes much contraction and expansion of paving material." 238 Kan. at 39.

Although it may have been improper to find the Fix-A-Flat box in the store aisle to be a nonactionable defect within the rationale of *Sepulveda*, our inquiry does not end here. If the proprietor of Skaggs breached no duty as a matter of law, there is no negligence and, thus, nothing for the jury to compare. In *Wasson v. Brewer's Food Mart, Inc.,* 7 Kan. App. 2d 259, 640 P.2d 352, *rev. denied* 231 Kan. 802 (1982), this court reviewed the basic elements that must be established to support a negligence cause of action:

"Tort recovery in negligence is premised on causal fault. A jury verdict in favor of a plaintiff in a negligence action must be supported by substantial competent evidence demonstrating (1) that the plaintiff was injured (or suffered other damage); (2) *that the defendant was negligent (at fault)*; and (3) that the defendant's fault was the cause of plaintiff's injury (or other damage). (Emphasis added.) 7 Kan. App. 2d 259, Syl. ¶ 1.

The standard to be followed by the trial court in ruling on a motion for judgment notwithstanding the verdict, as well as the standard of review applied by this court on appeal, is set forth in *Augusta Bank & Trust v. Broomfield,* 231 Kan. 52, 57, 643 P.2d 100 (1982):

"In deciding a motion for judgment notwithstanding the verdict, the trial court must determine whether there is any substantial evidence to sustain the verdict. *Apperson v. Security State Bank,* 215 Kan. 724, 732, 528 P.2d 1211 (1974). The trial court is required to view the evidence and inferences therefrom most favorable to the party against whom the motion is made. *Hallett v. Stone,* 216 Kan. 568, 577, 534 P.2d 232 (1975). *Traylor v. Wachter,* 227 Kan. 221, 228, 607 P.2d 1094 (1980), states:

" 'The court does not weigh evidence but must accept as true all the facts which the evidence tends to prove and draw against the party making the motion all reasonable inferences most favorable to the party opposing the motion and if the evidence is of such character that reasonable men in an impartial exercise of their judgment may reach different conclusions, then the case should be submitted to the jury. [Citations omitted.] The appellate court must do the same.' "

See *Swanston v. McConnell Air Force Base Fed'l Cred. Union,* 8

Kan. App. 2d 538, 540, 661 P.2d 826 (1983); *Coffey v. Stephens*, 3 Kan. App. 2d 596, 597, 599 P.2d 310 (1979).

*Fisher v. Sears, Roebuck & Co.*, 207 Kan. 493, 494, 485 P.2d 1309 (1971), discusses the trial court's considerations when ruling on a motion for judgment notwithstanding the verdict under K.S.A. 60-250(b):

"[K.S.A. 60-250(b)] permits the trial to proceed to a conclusion and then a judge is permitted to reconsider these motions. The statute does not give a trial court free reign to substitute its judgment for that of a jury. [Citations omitted.] The standard to be used in measuring a defendant's motion for a directed verdict or for a judgment notwithstanding the verdict is the same. The question to be asked is *whether there is any substantial evidence to sustain a verdict and judgment for plaintiff.* Such motions should be sparingly and cautiously granted. [Citations omitted.]" (Emphasis added.)

"The proprietor of a store owes a duty to customers and other invitees to use care to keep the premises in a reasonably safe condition." *Fisher v. Sears, Roebuck & Co.*, 207 Kan. 493, Syl. ¶ 1. "A store proprietor is not an insurer of the customers' safety." *Fisher v. Sears, Roebuck & Co.*, 207 Kan. 493, Syl. ¶ 2. See *Warren v. T. G. & Y. Stores Co.*, 210 Kan. 43, 499 P.2d 201 (1972). Mere proof of a dangerous condition on the property owner's premises does not render the owner liable to the invitee for any accident that may occur therein; the mere fact that an invitee slips and falls on the floor of the inviter's property does not raise an inference of negligence. *Carter v. Food Center, Inc.*, 207 Kan. 332, 335, 485 P.2d 306 (1971). The proprietor must have some knowledge of the condition, either actual, constructive, or inferred, to establish liability. *Carter v. Food Center, Inc.*, 207 Kan. at 335.

In *Little v. Butner*, 186 Kan. 75, 348 P.2d 1022 (1960), the Kansas Supreme Court defined two separate situations, one where proof is required that the premises owner knew or should have known of the dangerous condition, and the other where such proof is not required. The court stated:

"With respect to the necessity of proof that the proprietor of a store in which the plaintiff was injured in a fall on an interior floor had notice of the dangerous condition, the cases are divided into two classes: (1) injuries to customers caused by dangerous conditions negligently created or maintained by the proprietor or his servants [citations omitted], and (2) injuries due to dangerous conditions coming about through no active fault of the proprietor and not involving an

instrumentality employed by him in the conduct of his business [citations omitted]. Under the former, the condition is one which is traceable to the proprietor's own act, that is, a condition created by him or under his authority, or is one in which he is shown to have taken action, and proof of notice is unnecessary." *Little v. Butner,* 186 Kan. at 81.

See *Elrod v. Walls, Inc.,* 205 Kan. 808, 810-11, 473 P.2d 12 (1970).

The evidence in this case established that the condition was "traceable to the proprietor's own act."

Chambers was familiar with the layout in the store because she usually shopped there during her lunch hour. From experience, she knew the location of the string and walked directly to it without browsing. She testified that on previous occasions she had seen boxes of products sitting in the aisles.

On the day she fell, Chambers had on low-heeled shoes and was not hurrying. The floor of the store was not slick or sticky. The lighting in the store was good, Chambers could see things in front of her, and she could see the end of the aisle. Chambers testified that nothing about the floor or the lighting made her fall.

Chambers was not distracted, but she was not looking at the floor. She was looking to the spot where the string was located. She walked approximately 43 to 56 feet down an aisle, without seeing the box, until she reached the string. Upon finding the string, she picked up three or four balls, turned around to return to the check stand, and, at that point, tripped over the box. The evidence demonstrates that the aisle was wide enough for three people to walk side by side. Based upon this evidence, the jury concluded that Chambers was 40 percent at fault.

The box that plaintiff tripped over was a small box containing cans of a product called Fix-A-Flat. It was approximately nine inches high and was not located near the Fix-A-Flat shelf display. A Skaggs employee testified the store had no stocking policy, but that merchandise was to be brought out and placed on the shelves as soon as possible. There was no written policy at the Skaggs store explaining the procedure of moving stock from the storeroom to the display shelves. The Skaggs employee further indicated that for brief periods of time stock would be left on the floor unattended. Plaintiff testified she saw no Skaggs employee in the aisle before she fell. Based upon this evidence,

the jury concluded, together with all other evidence of record, that Skaggs was 60 percent at fault.

In a liability action, negligence may be decided as a matter of law only when reasonable persons could not reach differing conclusions concerning the same evidence. *Mechtley v. Price*, 217 Kan. 344, 536 P.2d 1385 (1975); *Popejoy Construction Co. v. Crist*, 214 Kan. 704, 522 P.2d 180 (1974). With evidence that the defendant had no stocking policies, often left stock on the floor unattended, and left a relatively small Fix-A-Flat box in the customer walking aisle, the issue of Skaggs' negligence was one for the jury to decide. The facts of this case are such that reasonable minds could reach differing conclusions concerning the obligation of Skaggs, and, thus, the case should not have been decided as a matter of law.

Defendant relies on *Warren v. T. G. & Y. Stores Co.*, 210 Kan. 43, in arguing that it was not negligent as a matter of law. Although factually almost identical to the instant case, *Warren* speaks only to the plaintiff's *contributory* negligence, not to the defendant's lack of negligence as a matter of law. The court stated:

"In the case at bar the trial court made no finding as to the sufficiency of the evidence to prove negligence on the part of the appellee as proprietor of the store. That being true, we will not determine this case on that issue but will turn our attention to the question of whether or not the appellant, Mrs. Warren, was guilty of negligence which barred her recovery as a matter of law." *Warren v. T. G. & Y. Stores Co.*, 210 Kan. at 45.

The result in *Warren* would not be the same under our current comparative negligence statute, as a plaintiff's contributory negligence no longer bars recovery as a matter of law. The same is true for the case of *Florence v. McCullough*, 211 Kan. 504, 506 P.2d 1145 (1973), in which the court found the plaintiff contributorily negligent and affirmed the trial court's summary judgment decision.

Defendant also cites *George v. Ayesh*, 179 Kan. 324, 295 P.2d 660 (1956), and *Fisher v. Sears, Roebuck and Co.*, 207 Kan. 493. These cases are factually distinct from the case at hand.

In *George v. Ayesh*, the plaintiff tripped and fell in the storeroom of defendant's retail liquor store. The court found plaintiff's evidence did not establish a hidden, dangerous defect,

actionable under Kansas law. The cardboard filler plaintiff tripped on was not in the public areas of the store, but rather in the storeroom, a place that customers generally do not frequent and where cardboard boxes are generally found in abundance. Furthermore, plaintiff in *George* was a salesman, not a retail customer. Additionally, it was held that the plaintiff was guilty of contributory negligence as a matter of law. *George*, 179 Kan. at 327.

In *Fisher*, the plaintiff tripped over the corner of a platform displaying a life-size mannequin. The trial court in that case held that the evidence was clearly insufficient as a matter of law to establish defendant's negligence. *Fisher v. Sears, Roebuck & Co.*, 207 Kan. at 496. The display appliance was something normally used in a retail store, and there was no evidence that the proprietor failed to keep the display appliance in a reasonably safe condition. The display appliance was not a dangerous condition in itself, whereas a small box not in its proper location and lying in the aisle may constitute such a condition.

In the case at hand, a conclusion that defendant did not violate its duty to customers to keep the premises in a reasonably safe condition could not be made as a matter of law. Thus, the trial court erred in setting aside the jury verdict.

Reversed and remanded for entry of judgment on the jury verdict.