UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 8/9/96**

JOY L. GAGE,

Plaintiff-Appellant,

v.

WESLEY D. HERDT, LESTER L.
HERDT and MARGARETTE JUNE
HERDT, dba Price Right Motel,

Defendants-Appellees.

No. 95-3291
(D.C. No. 93-CV-1157)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before TACHA, ALDISERT,[**] and BALDOCK, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

---

[*]      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]      Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court
of Appeals for the Third Circuit, sitting by designation.

appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellant Joy Lee Gage brought this negligence action against appellees Wesley D. Herdt, Lester L. Herdt, and Margarette June Herdt, claiming damages for injuries sustained when appellant fell on an outside stairway while a guest at appellees' motel in Oakley, Kansas. Following trial, the jury entered a verdict finding neither party at fault. Appellant filed a motion for judgment as a matter of law, or in the alternative, for a new trial pursuant to Fed. R. Civ. P. 50(b), asserting that the jury's verdict was against the weight of the evidence. The court denied the motion, and appellant appeals.

## I. Jurisdiction

Initially, appellees claim that appellant's notice of appeal was untimely, and therefore, this court lacks jurisdiction. Thus, as a threshold matter, we must address our jurisdiction to entertain this appeal. We review a district court's grant of a motion for an extension of time in which to file a notice of appeal for an abuse of discretion. Gooch v. Skelly Oil Co., 493 F.2d 366, 368 (10th Cir.), cert. denied, 419 U.S. 997 (1974).

Federal Rule of Appellate Procedure 4(a)(1) provides that, generally, a notice of appeal in a civil case must be filed within thirty days of the date of the entry of

the order or judgment appealed from. On December 19, 1994, the jury returned a verdict in this case, and on December 20, 1994, the district court entered judgment accordingly. On January 3, 1995, appellant filed a motion for judgment as a matter of law, or in the alternative, for a new trial. On May 26, 1995, the magistrate judge recommended that appellant's motion be denied. The district court adopted this recommendation by order dated May 30, 1995.

On June 30, 1995, one day following the expiration of her thirty-day appeal time, appellant filed a motion for leave to appeal out of time, alleging that she had not received timely notice of the court's May 30, 1995 order. Apparently, the court sent notice of the decision to Michael Lehr, an attorney who had been terminated from appellant's representative law firm, Larry Wall & Associates, on December 15, 1994, four days before the jury returned its verdict in this case.[1] Michael Lehr had signed appellant's complaint, and therefore, pursuant to local rule, was entered as attorney of record. The matter was tried by Michael Lehr and Larry Wall, who each announced his entry of appearance at the time of trial. Mr. Lehr did not formally withdraw at the time of his termination, however, and the docket does not indicate that Mr. Wall, or any other member of his firm, entered a formal written appearance following Mr. Lehr's termination.

---

[1]     Michael Lehr, by affidavit attached to appellant's jurisdictional brief to this court, denies that he received a copy of the order. Appellant's Memorandum in Opposition to Defendants' Motion to Dismiss, App. II.

Federal Rule of Appellate Procedure 4(a)(5) allows the court to extend the time for filing a notice of appeal upon a finding of "excusable neglect or good cause." Here, the magistrate judge found that appellant had failed to show excusable neglect, but determined that she was entitled to relief pursuant to Fed. R. App. P. 4(a)(6). Rule 4(a)(6) provides:

> The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

Appellees argue that the district court's determination that appellant could not be afforded relief under Rule 4(a)(5) because there was no showing of excusable neglect precludes the court's reopening of time for appeal under Rule 4(a)(6). Appellees assert that counsel's alleged noncompliance with local rules governing entries of appearance is inexcusable neglect, and that appellant is bound by the action or inaction of her chosen counsel. In support, appellees cite Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993), and Link v. Wabash Railroad, 370 U.S. 626 (1962), neither of which are factually applicable here.

In Pioneer, the Supreme Court discussed the contours of neglect in the context of a challenge to the bankruptcy court's discretion to allow late filings of proofs of

-4-

claim. Although determining that the court of appeals erred in not holding the client accountable for the acts or omissions of counsel, <u>Pioneer</u> held that the Sixth Circuit was correct in affirming the allowance of late filings in light of the good faith of the respondents and the lack of prejudice to the debtor. 507 U.S. at 397.

In <u>Link,</u> the Court affirmed a district court dismissal for failure to prosecute when the petitioner's counsel failed to appear at a scheduled pretrial conference. The Court held that, in light of the prolonged history of the case, the dilatory fashion in which the petitioner had proceeded in the case, and the inadequacy of counsel's excuse for his absence, the dismissal did not impose an unjust penalty on the client. 370 U.S. at 633.

This court, in <u>Smith v. United States</u>, 834 F.2d 166 (10th Cir. 1987), discussed a line of cases which suggest that it is not always proper to hold the client accountable for the acts or omissions of counsel if it is apparent that the client did not participate in the act or omission. <u>Id.</u> at 171 (listing cases). Here, it appears clear that appellant did not participate in any omission of counsel. It is evident that counsel acted in good faith in attempting to stay informed of the status of the case,[2] and under the circumstances presented here, appellees have not established prejudice.

---

[2] Appellant alleges that various representatives of Larry Wall & Associates contacted the court regarding a decision in this matter, including a May 1, 1995 letter from a legal assistant, James Howell, confirming his telephone conversations with the court regarding the status of appellant's motion. Appellant's App., Vol. I at 107.

Accordingly, we do not believe that the procedural facts of this case support a determination that the district court abused its discretion in reopening the time for filing a notice of appeal. Therefore, appellant's notice of appeal is timely, and this court has jurisdiction.

## II. Merits

### A. Judgment as a Matter of Law

On May 4, 1991, Ms. Gage and a friend were traveling from Ohio to Wyoming when they encountered a freezing rain and snow storm. Due to the severe weather conditions, appellant and her friend checked into appellees' motel. While at the motel, appellant fell on an outside stairway, suffering serious injury.

Here, all of the evidence pertaining to fault was conflicting. Appellant claims that appellees were at fault for failing to keep the ice and snow off of the stairway. Appellees presented testimony that the snow storm was in progress for a number of hours before and after appellant's fall, and pursuant to Kansas law, they were under no duty to remove the ice and snow as long as the storm continued. See Agnew v. Dillons, Inc., 822 P.2d 1049, 1054 (Kan. Ct. App. 1991).

Appellant claims that appellees were negligent in failing to warn that the stairway was slippery and in a dangerous condition and for failing to barricade the stairway. Appellees testified that prior to the accident, the stairway had been

chained with a warning sign designating the stairway as available for emergency use only. There was an alternate covered stairway available, but appellees testified that guests often removed the chain and used the barricaded stairway as a shortcut.

Next, appellant asserted that appellees were negligent in failing to adequately light the area. Appellees asserted that the stairway was lit adequately by nearby floodlights, a light directly at the top of the stairway, and the neon sign in front of the motel.

Finally, although appellant alleged that the ice and snow on the stairway caused her fall, she claimed that appellees were negligent in failing to keep the carpet on the stairs in good repair, and that the stairway was in violation of certain codes. Appellant's witness, Denzell Ekey, testified that the condition of the stairway was in violation of the "Life Safety Code," a fire safety code. In rebuttal, appellees asserted that inspection reports completed in 1990 and 1992 by the Kansas Department of Health and Environment (KDHE) found the lighting and condition of the stairway to be adequate and in compliance with the applicable codes. Appellees alleged that the KDHE based their reports, in part, on the "Life Safety Code," relied on by Mr. Ekey.

In her complaint, appellant claimed appellees failed (1) to keep the stairway in reasonably safe condition, (2) to warn of unsafe conditions on the premises, (3) to keep snow and ice removed from the stairway, (4) to warn of slippery conditions

on the stairway, (5) to keep a barricade and warning sign in position on the stairway, and (6) to keep the stairway adequately lit. Appellees asserted the affirmative defense of comparative fault. The jury, by a special verdict interrogatory, determined that neither the appellant nor the appellees were at fault.

On appeal, appellant contends that the district court erred in denying her motion for judgment as a matter of law, or in the alternative, for a new trial. We review the denial of a motion for directed verdict or for judgment as a matter of law under the same standard. See FDIC v. United Pac. Ins. Co., 20 F.3d 1070, 1079 (10th Cir. 1994). Both motions are reviewed de novo, Sheets v. Salt Lake County, 45 F.3d 1383, 1387 (10th Cir.), cert. denied, 116 S. Ct. 74 (1995), applying the same standard applied by the district court, Orth v. Emerson Elec. Co., White-Rodgers Div., 980 F.2d 632, 635 (10th Cir. 1992).

Where, as here, the party having the burden of proof at trial moves for judgment as a matter of law, the evidence is evaluated for its "overwhelming effect," rather than for its sufficiency to support a finding for the opposing party. Hurd v. American Hoist & Derrick Co., 734 F.2d 495, 499 (10th Cir. 1984). A directed verdict for the party bearing the burden of proof is granted "only where [she] has established [her] case by evidence that the jury would not be at liberty to disbelieve." Id. The court cannot weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. Harolds Stores, Inc. v. Dillard Dep't

Stores, Inc., 82 F.3d 1533, 1546 (10th Cir. 1996). "A directed verdict for the party bearing the burden of proof may be granted only if the evidence is such that without weighing the credibility of the witnesses the only reasonable conclusion is in [her] favor." Hurd, 734 F.2d at 499. Having reviewed appellant's case with these strict standards in mind, we conclude that the district court correctly denied her motion for judgment as a matter of law.

The thrust of appellant's argument appears to be that the jury did not have the option of finding no fault, but should have determined "the percentage of fault of each party and the nature and extent of the injuries."[3] Appellant's Br. at 6. Appellant then contends that, if the jury had followed the jury instructions, "there must be evidence that neither party was at fault in order to support their verdict." Id. at 15.

In its order denying appellant's motion, the court noted that this was an incongruous argument in light of the fact that appellant did not object to the verdict form which directly asked the jury, "Do you find any of the parties to be at fault?" Appellant's App., Vol. I at 60. The form instructed that only if the jury answered yes to this question was it permissible to continue with an apportionment of blame. Id.

---

[3] Appellant's argument that it was impermissible for the jury to find no fault without an intervening "Act of God" instruction was not raised to the district court and will not be considered for the first time on appeal. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

The magistrate judge stated, and appellant does not dispute, that she requested inclusion of this question on the jury form. Appellant also did not object to the jury instruction which informed the jury that its first obligation was to determine if either party was at fault. Id. at 48.

Although we apply federal law when considering the propriety of a judgment as a matter of law, in a diversity case, the sufficiency of the evidence in terms of the underlying case is reviewed pursuant to state law. Magnum Foods, Inc. v. Continental Casualty Co., 36 F.3d 1491, 1503 (10th Cir. 1994). In order to recover for negligence under Kansas law, the injured party must show (1) that the plaintiff was injured; (2) that the defendant was at fault; (3) that the defendant's fault caused the plaintiff's injury. Chambers v. Skaggs Cos., 732 P.2d 801, 803 (Kan. Ct. App. 1987).

The relevant testimony and evidence as to fault presented in this case was conflicting and does not conclusively favor appellant. See Hurd, 734 F.2d at 499. Thus, it is clear that the jury would have been "at liberty to disbelieve" appellant's evidence. Id.

A grant of judgment as a matter of law in this case would have required the court impermissibly to weigh the evidence and judge the credibility of the witnesses, thus making an inappropriate invasion into the realm of the jury. See Harolds Stores, Inc., 82 F.3d at 1546 (when deciding a motion for judgment as a matter of law, court

cannot substitute its judgment for that of the jury). Consequently, the district court denial of appellant's motion for judgment as a matter of law was correct.

B. Motion for New Trial

Appellant alternately sought a new trial, asserting that the verdict was against the weight of the evidence. It is well established that a district court's decision not to grant a new trial will not be disturbed on appeal absent a showing of clear abuse of discretion. Sheets, 45 F.3d at 1390. We will reverse the denial of a motion for a new trial only if the "'verdict is clearly, decidedly or overwhelmingly against the weight of the evidence,'" Getter v. Wal-Mart Stores, Inc., 66 F.3d 1119, 1125 (10th Cir. 1995)(quoting Black v. Hieb's Enters., Inc., 805 F.2d 360, 363 (10th Cir. 1986)), cert. denied, 116 S. Ct. 1017 (1996), and the trial court "'made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances,'" Sheets, 45 F.3d at 1390-91 (quoting Hinds v. General Motors Corp., 988 F.2d 1039, 1046 (10th Cir. 1993)). Here, appellant failed to establish any basis for grant of a new trial. Therefore, we determine that the district court did not abuse its discretion in denying appellant's motion.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


Ruggero J. Aldisert
Senior Circuit Judge